# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MARY SEMANCHIK,

        *Plaintiff,*

        v.

MIDLAND FUNDING, LLC,

        *Defendant.*

CIVIL DIVISION

**ELECTRONICALLY FILED**

GD-20-_____

**PRAECIPE FOR
WRIT OF SUMMONS**

Filed on Behalf of Plaintiff:
Mary Semanchik

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

Brian J. Fenters
Pa. I.D. No. 320202

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:    JWard@FentersWard.com

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MARY SEMANCHIK,                                    CIVIL DIVISION

       *Plaintiff,*                              **ELECTRONICALLY FILED**

       v.                                      GD-20-_____

MIDLAND FUNDING, LLC,

       *Defendant.*

<u>**PRAECIPE FOR WRIT OF SUMMONS**</u>

TO     PROTHONOTARY OF THE COURT OF COMMON PLEAS OF ALLEGHENY
        COUNTY, PENNSYLVANIA:

     Kindly issue a writ of summons in the above-captioned matter.


                    Respectfully submitted,

                    **THE LAW FIRM OF FENTERS WARD**


Date: April 01, 2020           By: _____
                    Joshua P. Ward (Pa. I.D. No. 320347)
                    Kyle H. Steenland (Pa. I.D. No. 327786)

                    The Rubicon Building
                    201 South Highland Avenue
                    Suite 201
                    Pittsburgh, PA 15206

                    Counsel for Plaintiff

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MARY SEMANCHIK,

      *Plaintiff*,

      vs.

MIDLAND FUNDING, LLC,

      *Defendant*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-20-004841

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:
Mary Semanchik

Counsel of Record for this Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

| | |
|---|---|
| Telephone: | (412) 545-3015 |
| Fax No.: | (412) 540-3399 |
| E-mail: | JWard@FentersWard.com |

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

<div align="center">

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

</div>

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2020, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

<div align="center">

1

</div>

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MARY SEMANCHIK,                                     CIVIL DIVISION

        *Plaintiff,*                          **ELECTRONICALLY FILED**

        vs.                                     Case No. GD-20-004841

MIDLAND FUNDING, LLC,

        *Defendant.*

## COMPLAINT

AND NOW, comes Plaintiff, Mary Semanchik, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Midland Funding, LLC, of which the following is a statement:

## PARTIES

1.      Plaintiff, Mary Semanchik (hereinafter "Mary Semanchik"), is an adult individual who currently resides at757 Alter Street, Hazelton, Pennsylvania 18201.

2.      Defendant, Midland Funding, LLC, (hereinafter "Midland Funding"), is a corporation with its principal place of business located at 350 Camino De La Reina, San Diego, California 92108.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter, the "TCPA").

2

4.     Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

## **PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

5.     On April 12, 2019, Midland Funding, filed a Civil Complaint against Mary Semanchik in Magisterial District Court at Docket Number: MJ-11103-CV-0000103-2019. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6.     In response to the aforesaid lawsuit, Mary Semanchik engaged The Law Firm of Fenters Ward for representation.

7.     On May 29, 2019, The Law Firm of Fenters Ward served Midland Funding with a letter (hereinafter, the "First Dispute Letter") wherein Midland Funding was informed of the disputed nature of the alleged debt and that Mary Semanchik was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

8.     This First Dispute Letter stated that Mary Semanchik "denie[d] owing Midland Funding, LLC any amount of money" and informed Midland Funding that Mary Semanchik disputed any and all "Debts" Midland Funding claimed to possess. See Exhibit "B".

9.     "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [Midland Funding] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "B".

3

10.    Furthermore, Midland Funding was directed to cease and desist from contacting Mary Semanchik directly. See Exhibit "B".

11.    On May 29, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Mary Semanchik's behalf. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "C".

12.    Upon information and belief, on or about May 31, 2019, Midland Funding called Mary Semanchik in an attempt to communicate about the collection of an alleged debt.

13.    Upon information and belief, Midland Funding utilized an automated dialing system to effectuate calls to Mary Semanchik's personal cellular device in violation of 47 U.S.C. § 227, *et seq.* of the TCPA.

14.    On or about June 3, 2019, Midland Funding mailed Mary Semanchik documents concerning the collection of an alleged and disputed debt. A true and correct copy of the collection letter is attached hereto, made a part hereof, and marked as Exhibit "D".

15.    On or about June 5, 2019, Midland Funding communicated once more with Mary Semanchik in an attempt to collect the alleged and disputed debt. A true and correct copy of the communication is attached hereto, made a part hereof, and marked as Exhibit "E".

16.    Upon information and belief, on or about June 6, 2019, Midland Funding again called Mary Semanchik in attempt to communicate about the collection of an alleged and disputed debt.

17.    On or about June 7, 2019, Midland Funding again mailed Mary Semanchik documents concerning the collection of an alleged and disputed debt. A true and correct copy of the communication is attached hereto, made a part hereof, and marked as Exhibit "F".

4

18.     On or about June 12, 2019, Midland Funding again mailed Mary Semanchik documents concerning an alleged debt.  A true and correct copy of the communication is attached hereto, made a part hereof, and marked as Exhibit "G".

19.     Finally, on or about June 14, 2019, Midland Funding again mailed Mary Semanchik documents in attempt to collect upon an alleged and disputed debt.  A true and correct copy of the communication is attached hereto, made a part hereof, and marked as Exhibit "H".

20.     Midland Funding communicated with Mary Semanchik despite the May 29, 2019 First Dispute Letter specifically delineating Mary Semanchik's representation by The Law Firm of Fenters Ward and its direction to cease and desist any further communication with Mary Semanchik as it relates to the collection "Debts[.]" See Exhibit "B".

21.     "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [Midland Funding] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "B".

22.     Midland Funding was aware of Mary Semanchik's representation by The Law Firm of Fenters Ward from the First Dispute Letter mailed to Midland Funding and by the Magisterial District court proceedings. See Exhibits "A" and "B".

23.     Midland Funding failed to engage in any communicative efforts with The Law Firm of Fenters Ward pertaining to Mary Semanchik. Therefore, The Law Firm of Fenters Ward did not fail to respond within a reasonable amount of time to a communication from Midland Funding.

24.     The Law Firm of Fenters Ward did not consent to any direct client communications with Midland Funding or its agents or legal representatives.

5

25.     Midland Funding violated 15 U.S.C. § 1692c(a)(2) when it communicated directly with Mary Semanchik, in an attempt to collect an alleged debt, despite its knowledge of Mary Semanchik's representation by The Law Firm of Fenters Ward.

26.     On June 3, 2019, a Civil Action Hearing was held before the Honorable Joseph Zola, Magisterial District Judge. See Exhibit "A".

27.     On June 3, 2019, at the conclusion of the Civil Action hearing, Judge Joseph Zola granted a JUDGMENT FOR DEFENDANT in favor of Mary Semanchik and against Midland Funding. See Exhibit "I". A true and correct copy of the Notice of Judgment is attached hereto, made a part hereof, and marked as Exhibit "I".

28.     On July 3, 2019, Midland Funding's appeal period expired, making Judge Joseph Zola's JUDGMENT FOR DEFENDANT a final judgment. This final judgment rendered the alleged debt extinguished, invalid, and unenforceable.

<div align="center">

**COUNT I**
**VIOLATION OF THE FDCPA, 15 U.S.C. § 1692, et seq.**

</div>

29.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

30.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

31.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

<div align="center">

6

</div>

32.    Mary Semanchik is a "consumer" as defined by § 1692a(3) of the FDCPA.

33.    Midland Funding is a "debt collector" as defined by § 1692a(6) of the FDCPA.

34.    Upon information and belief, the alleged "debt" arises out of an alleged transaction
entered into primarily for personal, family, or household purposes. "The term 'debt' means any
obligation or alleged obligation of a consumer to pay money arising out of a transaction in which
the money, property, insurance, or services which are the subject of the transaction are primarily
for personal, family, or household purposes, whether or not such obligation has been reduced to
judgment." 15 U.S.C. § 1692a(5).

35.    The Third Circuit has held that the FDCPA is to be enforced by private attorney
generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

36.    Section 1692c(a)(2) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt
> collector or the express permission of a court of competent jurisdiction, a
> debt collector may not communicate with a consumer in connection with
> the collection of any debt--if the debt collector knows the consumer is
> represented by an attorney with respect to such debt and has knowledge of,
> or can readily ascertain, such attorney's name and address, unless the
> attorney fails to respond within a reasonable period of time to a
> communication from the debt collector or unless the attorney consents to
> direct communication with the consumer.

15 U.S.C. § 1692c(a)(2) of the FDCPA.

37.    On May 29, 2019, The Law Firm of Fenters Ward served Midland Funding with
the First Dispute Letter informing Midland Funding of its representation of Mary Semanchik. See
Exhibit "B".

38.    The First Dispute Letter specifically delineated that Midland Funding was to "cease
and desist any further communications with my client [Mary Semanchik] as it relates to the
collection of 'Debts.'" See Exhibit "B".

7

39.     "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [Midland Funding] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter." See Exhibit "B".

40.     On May 29, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend Notice on Mary Semanchik's behalf. See Exhibit "A".

41.     Upon information and belief, on May 31, 2019, Midland Funding called Mary Semanchik in an attempt to collect the alleged and disputed debt.

42.     On or about June 3, 2019, Midland Funding mailed Mary Semanchik documents concerning the collection of an alleged and disputed debt. See Exhibit "D".

43.     On or about June 5, 2019, Midland Funding communicated once more with Mary Semanchik in an attempt to collect the alleged and disputed debt. See Exhibit "E".

44.     On or about June 5, 2019, Midland Funding again called Mary Semanchik in an attempt to collect the alleged and disputed debt.

45.     On or about June 7, 2019, Midland Funding again mailed Mary Semanchik documents concerning the collection of the alleged and disputed debt. See Exhibit "F".

46.     On or about June 12, 2019, Midland Funding again mailed Mary Semanchik documents concerning the collection of the alleged and disputed debt. See Exhibit "G".

47.     On or about June 14, 2019, Midland Funding once again mailed Mary Semanchik documents concerning the collection of the alleged and disputed debt. See Exhibit "H".

48.     Midland Funding possessed knowledge of Mary Semanchik's representation by The Law Firm of Fenters Ward from the First Dispute Letter mailed to Midland Funding. See Exhibit "B".

49.     Midland Funding, additionally, possessed knowledge of Mary Semanchik's representation by The Law Firm of Fenters Ward from the Magisterial District Court proceedings and the related Magisterial documents. See Exhibit "A".

50.     Midland Funding possessed knowledge of the name and address of The Law Firm of Fenters Ward through the First Dispute Letter and the Magisterial Court proceedings. See Exhibits "A" and "B".

51.     Alternatively, Midland Funding could have readily ascertained the name and address of The Law Firm of Fenters Ward from either reviewing the First Dispute Letter or from reviewing the Magisterial Court docket or related documents produced by the Magisterial Court proceedings. See Exhibits "A" and "B".

52.     Midland Funding failed to engage in any communicative efforts with The Law Firm of Fenters Ward pertaining to Mary Semanchik. Therefore, The Law Firm of Fenters Ward did not fail to respond within a reasonable amount of time to a communication from Midland Funding.

53.     The Law Firm of Fenters Ward did not consent to any direct client communications with Midland Funding or its agents or legal representatives.

54.     A court of competent jurisdiction did not provide Midland Funding with the express permission to communicate with Mary Semanchik.

55.     Midland Funding therefore violated 15 U.S.C. § 1692c(a)(2) when it communicated directly with Mary Semanchik despite its knowledge of Mary Semanchik's representation by The Law Firm of Fenters Ward.

56.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

9

57.     Here, the only natural consequence of Midland Funding's acts of communicating

directly with Mary Semanchik was to harass, oppress, and abuse Mary Semanchik.

58.     As such, Midland Funding's conduct, as set forth above, violated 15 U.S.C.A §

1692d of the FDCPA.

59.     Section 1692k(a) of the FDCPA provides, in relevant part:

> ...any debt collector who fails to comply with any provision of this
> subchapter with respect to any person is liable to such person in an
> amount equal to the sum of – (1) any actual damages sustained by
> such person as the result of such failure; (2)(A) in the case of any
> action by an individual, such additional damages as the court may
> allow, but not exceeding $1,000; and (3) in the case of any
> successful action to enforce the foregoing liability, the costs of the
> action, together with a reasonable attorney's fee as determined by
> the court."

15 U.S.C. § 1692k(a) of the FDCPA.

60.     As a direct and proximate result of Midland Funding's violations of the FDCPA,

as set forth above, Mary Semanchik has suffered annoyance, anxiety, embarrassment, emotional

distress, and severe inconvenience.

WHEREFORE, Plaintiff, Mary Semanchik, respectfully requests that this Honorable Court

enter judgment in their favor and against Defendant, Midland Funding, and enter an award of

monetary damages as described herein, not in excess of arbitration limits, including an award for

actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees

pursuant to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems

just and proper.

## COUNT II
## VIOLATION OF THE TCPA, 47 U.S.C. § 227, *et seq.*

61.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully

set forth at length herein.

10

62.     At all pertinent times hereto, Midland Funding attempted to collect an alleged debt.

63.     The alleged debt Midland Funding attempted to collect upon arose out of transactions which were primarily for personal, family, or household purposes.

64.     On May 29, 2019, The Law Firm of Fenters Ward served Midland Funding with the First Dispute Letter wherein Midland Funding was informed of the disputed nature of the alleged debt and that Mary Semanchik was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

65.     Furthermore, Midland Funding was directed to cease and desist from contacting Mary Semanchik directly. See Exhibit "B".

66.     On May 29, 2019, by way of the First Dispute Letter, Mary Semanchik revoked any permission that may have ever been given to Midland Funding to communicate directly with Mary Semanchik. See Exhibit "B".

67.     On or about May 31, 2019, Midland Funding began contacting Mary Semanchik by phone in an attempt to collect the alleged Debt with the intent to annoy, abuse, and harass.

68.     On or about June 5, 2019, Midland Funding communicated once more with Mary Semanchik in an attempt to collect the alleged debt.

69.     Mary Semanchik is the customary and sole user of the cellular phone number Midland Funding repeatedly called.

70.     Upon information and belief, Midland Funding utilized an automated telephone dialing system to place the calls to Mary Semanchik's personal cellular device.

71.     Upon information and belief, Midland Funding placed additional calls to Mary Semanchik in violation of the 47 U.S.C. § 227, *et seq*. of the TCPA.

72.     Despite Mary Semanchik's request and the First Dispute Letter informing Midland Funding to cease and desist from any communications with Mary Semanchik, Midland Funding called Mary Semanchik's personal phone number attempting to collect the alleged debt.

73.     The relevant portion of the TCPA provides that it is unlawful for any person: "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 48 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

74.     The United States Court of Appeals for the Third Circuit ruled in the case of *Gager v Dell Fin Serv., LLC*, 727 F.3d 265 (3d Cir. 2013) that the TCPA applies to debt collection calls.

75.     Congress passed the remedial TCPA to protect individual consumers from receiving intrusive and unwanted calls. See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

76.     As a result of Midland Funding's violations of 47 U.S.C. § 227(b) et seq. Mary Semanchik is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

77.     As a result of Midland Funding's violations of 47 U.S.C. § 227(b) et seq. Mary Semanchik is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

78.     The foregoing acts and omissions of Midland Funding constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) et seq.

12

WHEREFORE, Plaintiff, Mary Semanchik, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Midland Funding, LLC, and enter an award of monetary damages as described herein, including mandatory statutory damages of $500 for each violation pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls to Plaintiff's cellular phone; enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful and knowing violations of the TCPA; damages for time spent and phone charges; an award for actual damages; attorney's fees and costs, and for any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

THE LAW FIRM OF FENTERS WARD

Date: July 16, 2020

By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

# EXHIBIT A

# Magisterial District Judge 11-1-03

## DOCKET

Docket Number: MJ-11103-CV-0000103-2019

**Civil Docket**

MIDLAND FUNDING LLC
v.
Mary Semanchik

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Joseph D. Zola | File Date: | 04/12/2019 |
| Claim Amount: | $3,279.73 | Case Status: | Closed |
| Judgment Amount: | | County: | Luzerne |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 05/20/2019 | 10:45 am | | Magisterial District Judge Joseph D. Zola | Continued |
| Civil Action Hearing | 06/03/2019 | 1:00 pm | | Magisterial District Judge Joseph D. Zola | Scheduled |

## CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Plaintiff | MIDLAND FUNDING LLC | Philadelphia, PA 19113 |
| Defendant | Semanchik, Mary | Hazleton, PA 18201 |

## DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-11103-CV-0000103-2019 | MIDLAND FUNDING LLC | Mary Semanchik | Judgment for Defendant | 06/03/2019 |

## ATTORNEY INFORMATION

**Private**

Name: Daniel Joseph Santucci, Esq.

Representing: MIDLAND FUNDING LLC

Counsel Status: Active - Entry of Appearance

Supreme Court No.: 092800

Phone No.:

Address: Midland Credit Management, Inc.
3111 Camino Del Rio North, Suiite 103
San Diego, CA 92108

Entry of Appearance Filed Dt: 04/12/2019

Withdrawal of Entry of Appearance Filed Dt:

**Private**

Name: Brian J Fenters, Esq.

Representing: Semanchik, Mary

Counsel Status: Active - Entry of Appearance

Supreme Court No.: 320202

Phone No.: 412-545-3016

Address: The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Entry of Appearance Filed Dt: 05/29/2019

Withdrawal of Entry of Appearance Filed Dt:

**Private**

Name: Stephanie Hernandez, Esq.

Representing: MIDLAND FUNDING LLC

Counsel Status: Active - Entry of Appearance

Supreme Court No.: 324731

Phone No.: 484-493-7712

Address: Midland
1 International Plz Dr Fl 5
Philadelphia, PA 19113

Entry of Appearance Filed Dt: 04/12/2019

Withdrawal of Entry of Appearance Filed Dt:

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 11-1-03

## DOCKET

Docket Number: MJ-11103-CV-0000103-2019

## Civil Docket



MIDLAND FUNDING LLC

v.

Mary  Semanchik

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 06/03/2019 | Judgment for Defendant | Magisterial District Court 11-1-03 | Mary Semanchik, Defendant |
| 05/29/2019 | Intent to Defend Filed | Mary Semanchik | Mary Semanchik, Defendant |
| 05/29/2019 | Entry of Appearance Filed | Brian J Fenters, Esq. | Mary Semanchik, Defendant |
| 05/20/2019 | Intent to Defend Filed | Mary Semanchik | Mary Semanchik, Defendant |
| 04/24/2019 | Certified Civil Action Hearing Notice Accepted | Magisterial District Court 11-1-03 | Mary Semanchik, Defendant |
| 04/16/2019 | Certified Civil Action Hearing Notice Issued | Magisterial District Court 11-1-03 | Mary Semanchik, Defendant |
| 04/12/2019 | Entry of Appearance Filed | Daniel Joseph Santucci, Esq. | MIDLAND FUNDING LLC, Plaintiff |
| 04/12/2019 | Civil Complaint Filed | MIDLAND FUNDING LLC | |

Printed: 06/06/2019  12:29 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# EXHIBIT B



THE LAW FIRM OF

## FENTERS WARD

A I M   T O   W I N

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

412-545-3016 OFFICE
412-540-3399   FAX

May 29, 2019

Midland Funding LLC,
c/o Daniel Joseph Santucci, Esq.
1 International Plaza 5th FL
Philadelphia, PA 19113

**Sent via U.S. Mail**

| | Re: | Our Client: | Mary Semanchik |
|---|---|---|---|
| | | Docket Number: | MJ-11103-CV-0000103-2019 |
| | | Account #'s: | XXX |

To Whom It May Concern:

Please accept this letter as confirmation of my representation of **Mary Semanchik** with a current address of **757 Alter St., Hazelton, PA 18201**. My representation of the above-mentioned client includes any related debt(s) and/or credit account(s) your company claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter (the "Debts"). Please cease and desist any further communications with my client as it relates to the collection of Debts.

According to my client, your company has been reporting the above-referenced accounts to collection and/or credit agencies. My client denies owing **Midland Funding LLC** any amount of money and demands proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and any amendments thereto, any other written or signed documents agreed to by my client, as well as, a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your ownership rights to the specific accounts.

Pursuant to the Consumer Financial Protection Act (**CFPA**) 12 U.S.C. 5533(a) and the Fair Debt Collection Practices Act (**FDCPA**) 15 U.S.C. § 1692 et seq. we request that you provide additional documents related to the Debt you claim is owed by our client:

1. the original account-level documentation reflecting all purchases, payments, or other actual uses of the account;

2. a document signed by our client evidencing the opening of the account forming the basis for the debt;

3. the name of the creditor at the time of charge-off, including the name under which the creditor did business with our client;

4. the last four digits of the account number associated with the debt at the time our client's last monthly account statement, or, if not available, at the time of charge-off; the charge-off balance;

5. **Midland Funding** method of calculating any amount claimed in excess of the charge-off balance;

6. a copy of the statement where **Midland Funding** offered to provide our client (within 30 days of a written request) with copies of a document signed by our client evidencing the opening of the account forming the basis for the debt; and the original account-level documentation reflecting a purchase, payment, or other actual use of the account.

Please be advised that at all times relative hereto, we are disputing this debt under the FDCPA, FCRA, FCEUA and/or the UTPCPL. **AS SUCH YOU MUST 1) NOTIFY ANY CRAs YOU HAVE FURNISHED INFORMATION TO THAT THIS TRADE LINE IS DISPUTED; 2) YOU MUST CEASE ALL COLLECTION ATTEMPTS AND DELETE THE TRADE LINE UPON FINAL DISMISSAL OF THE DEBT COLLECTION LAWSUIT IF JUDGMENT IS RENDERED IN FAVOR OF DEFENDANT.** You may direct the requested proof to my office at the address listed above. **YOU HAVE THIRTY (30) DAYS TO PROVIDE THE REQUESTED PROOFS.** All future correspondence or contact shall be directed to my office until my office provides written confirmation of termination of legal representation, if such termination should ever occur. **YOU MUST PROVIDE THIS NOTICE TO ANY ASSIGNEE, TRANSFEREE OR SUBSEQUENT OWNER OF THIS OR ANY DEBT. IF YOU FAIL IN ANY OF THESE REGARDS, YOU WILL BE SUBJECT TO LIABILITY UNDER FEDERAL AND STATE CONSUMER PROTECTION LAWS.**

Very Truly Yours,

*/s/ Joshua P. Ward, Esq.*

Joshua P. Ward, Esq.
Direct Dial: (412) 545-3015
Email: jward@fentersward.com

JPW/slk
cc: Mary Semanchik

**UNITED STATES POSTAL SERVICE**

**Firm Mailing Book For Accountable Mail**

**Name and Address of Sender**

THE LAW FIRM OF FENTERS WARD
201 SOUTH HIGHLAND AVE.
SUITE 201,
PITTSBURGH, PA 15206

**Check type of mail or service**
- ☐ Adult Signature Required
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery (COD)
- ☐ Insured Mail
- ☐ Priority Mail
- ☐ Priority Mail Express
- ☐ Registered Mail
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation
- ☐ Signature Confirmation Restricted Delivery

Affix Stamp Here
(for additional copies of this receipt).
Postmark with Date of Receipt.

| USPS Tracking/Article Number | Addressee (Name, Street, City, State, & ZIP Code™) | Postage | (Extra Service) Fee | Handling Charge | Actual Value if Registered | Insured Value | Due Sender if COD | ASR Fee | ASRD Fee | RD Fee | RR Fee | SC Fee | SCRD Fee | SH Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

8. Mary Semanchik  CV-103
1st Dispute letter

Midland
Daniel Santucci
International Plaza, 5th FL
Philadelphia PA 19113

**Total Number of Pieces Listed by Sender**

**Total Number of Pieces Received at Post Office**
Eight

**Postmaster, Per (Name of receiving employee)**
S Robenoch

PS Form 3877, January 2017 (Page 1 of 2)
PSN 7530-02-000-9098

Complete in Ink

Privacy Notice: For more information on USPS privacy policies, visit usps.com/privacypolicy.

# EXHIBIT C

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF Luzerne



## ENTRY OF APPEARANCE
## PURSUANT TO PARCPMDJ
## 207.1(A)

Mag. Dist. No: 11-1-03
MDJ Name: Honorable Joseph D. Zola
Address: 615 East Broad Street
Hazelton, PA 18201
Telephone: (570) 455-9467

Midland Funding LLC
v.

Mary Semanchik

Docket No: CV-103-2019
Case Filed: 04/12/19

**TO THE MAGISTERIAL DISTRICT COURT:**

Please enter my appearance on behalf of ____ defendant Mary Semanchik ____
In the above captioned matter.

Attorney Name: ____ Brian J Fenters ____

Supreme Court of Pennsylvania Attorney Identification Number: ____ 320202 ____

Firm Name: ____ The Law Firm of Fenters Ward ____

Address: ____ 201 South Highland Ave., Suite 201 ____

City, ST, Zip: ____ Pittsburgh, PA 15206 ____

Telephone Number: ____ (412) 545-3016 ____

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

/s/ Brian J Fenters

**Signature of Applicant**          **Date**

FREE INTERPRETER
www.pacourts.us/language-rights



THE LAW FIRM OF
**FENTERS WARD**
A I M   T O   W I N

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

**412-545-3016 OFFICE**
412-540-3399   FAX

May 29, 2019

Magisterial District Number: 11-1-03

Honorable Joseph D. Zola

615 East Broad Street

Hazelton, PA 18201

Phone: 570-455-9467

**Sent via:** Fax 570-501-8981

**RE:      CV-103-2019. Midland Funding LLC v Mary Semanchik**

## INTENT TO DEFEND NOTICE:

DEFENDANT INTENDS TO ENTER A DEFENSE. PLEASE CONSIDER THIS NOTICE PER
Pa. R. Civ. P. MAG DIST J RULE 305(4)(a).

PLEASE NOTIFY THE PLAINTIFF THAT DEFENDANT HAS ENTERED NOTICE TO
DEFEND PER Pa. R. Civ. P. MAG DIST J RULE 318.

ALSO, PLEASE UPDATE THE DOCKECT TO SHOW THAT DEFENDANT INTENDS TO
DEFEND AS WELL AS OUR ENTRY OF APPEARANCE.

Sincerely,

*/s/ Brian Fenters*

Brian J. Fenters, Esq.
bfenters@fentersward.com
PA Bar# 320202
412-545-3016

BF/slk
CC: Mary Semanchik

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MARY SEMANCHIK,

     *Plaintiff,*

     vs.

MIDLAND FUNDING, LLC,

     *Defendant.*

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-20-004841

**CONFIDENTIAL EXHIBITS TO COMPLAINT IN CIVIL ACTION EXHIBITS D, E, F, G, & H**

Filed on Behalf of Plaintiff:
Mary Semanchik

Counsel of Record for This Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:  (412) 545-3015
Fax:  (412) 540-3399
E-mail:  JWard@FentersWard.com

**CONFIDENTIAL
DOCUMENT FORM**



Case Records Public Access Policy of the Unified Judicial System of Pennsylvania
204 Pa. Code § 213.81
www.pacourts.us/public-records

MARY SEMANCHIK
(Party name as displayed in case caption)

GD-20-004841
Docket/Case No.

Vs.

MIDLAND FUNDING, LLC
(Party name as displayed in case caption)

Common Pleas Allegheny
Court

This form is associated with the pleading titled COMPLAINT _____, dated July 16 _____, 2020.

Pursuant to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*, the Confidential Document Form shall accompany a filing where a confidential document is required by law, ordered by the court, or is otherwise necessary to effect the disposition of a matter. This form shall be accessible to the public, however the documents attached shall not be publicly accessible, except as ordered by a court. The documents attached will be available to the parties, counsel of record, the court, and the custodian. **Please only attach documents necessary for the purposes of this case.** Complete the entire form and check all that apply. This form and any additional pages must be served on all unrepresented parties and counsel of record.

| Type of Confidential Document | Paragraph, page, etc. where the confidential document is referenced in the filing: |
|---|---|
| ☒ Financial Source Documents | |
| ☐ Tax Returns and schedules | |
| ☐ W-2 forms and schedules including 1099 forms or similar documents | |
| ☐ Wage stubs, earning statements, or other similar documents | |
| ☐ Credit card statements | |
| ☒ Financial institution statements (e.g., investment/bank statements) | Exhibit D, E, F, G, & H |
| ☐ Check registers | |
| ☐ Checks or equivalent | |
| ☐ Loan application documents | |
| ☐ Minors' educational records | |
| ☐ Medical/Psychological records | |
| ☐ Children and Youth Services' records | |
| ☐ Marital Property Inventory and Pre-Trial Statement as provided in Pa.R.C.P. No. 1920.33 | |
| ☐ Income and Expense Statement as provided in Pa.R.C.P. No. 1910.27(c) | |
| ☐ Agreements between the parties as used in 23 Pa.C.S. §3105 | |

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

/s/ Joshua P. Ward
Signature of Attorney or Unrepresented Party

07/16/20
Date

Name: Joshua P. Ward

Attorney Number: (if applicable) 320347

Address: 201 South Highland Avenue, Suite 201

Telephone: (412) 545-3015

Pittsburgh, PA 15206

Email: jward@fentersward.com

Rev. 7/2018

# EXHIBIT D

# Notice of Default

P.O. Box 2121 Warren, MI 48090



**Midland Credit Management**

| | |
|---|---|
| **Phone:** | (877) 428-7999 |
| **Hours of Operation:** | M – Fri: 8:00am – 7:30pm EST |
| | Sat: Closed Sun: Closed |
| **Current Owner:** | Midland Funding LLC |
| **Current Servicer:** | Midland Credit Management, Inc. |

**Visit Us Online**
MidlandCredit.com

Mary Semanchik
P2 T7 757 Alter St
003 Hazleton, PA 18201-2963

06/03/2019

RE: Midland Funding LLC v. MARY SEMANCHIK et al.
Court File Number: MJ-11103-CV-0000103-2019

Dear Mary,

Your payment of $68.00, which was due on 06/01/2019 to Midland Credit Management, Inc., was not received. Please call (877) 428-7999 to discuss your options.

**Reestablish Your Existing settlement Plan**

Pay $68.00 or call us at (877) 428-7999. By doing so you can prevent further legal action.

If your account remains in default, we may resume legal collection activity and a judgment may be entered against you. As a result you may ultimately owe more than the balance shown in this letter.

The amounts stated on the reverse side of this letter do not reflect payments or credits to the account made after the mailing of this letter. If you feel that an amount is incorrect please contact an account representative at (877) 428-7999.

Sincerely,
**Boris Salamakhin, Group Manager
(877) 428-7999**

## Notice of Default

**Amount Due:**
$68.00

**Missed Payment Date:**
06/01/2019

**Settlement Balance:**
$2,889.73

**Original Creditor:**
Please see the reverse side of this letter for complete account details

**Call to Discuss Options:**
(877) 428-7999

## Important Information Regarding Your Account

For details regarding the account that comprises your current balance, please see the 'Additional Information' section on the back of this letter.

When your account has been paid, and if data related to the account is still being furnished to the consumer reporting agencies, a request will be made of the three major consumer reporting agencies to report the Midland Funding LLC trade line related to the above referenced account as paid.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
*Please tear off and return lower portion with payment in envelope provided*

# EXHIBIT E

# Monthly Statement

P.O. Box 2121 Warren, MI 48090    Midland Credit Management

| Next Payment Amount | $68.00 |
|---|---|

| Payment Due Date | 05/25/2019 |
|---|---|

| Phone: | (877) 428-7999 |
|---|---|
| Hours of Operation: | M – Fri: 8:00am – 7:30pm EST |
| | Sat: Closed Sun: Closed |
| Current Owner: | Midland Funding LLC |
| Current Servicer: | Midland Credit Management, Inc. |

Mary Semanchik
P4 T18 757 Alter St
003
Hazleton, PA 18201-2963

**Visit Us Online**
MidlandCredit.com

| 06/05/2019 | | Settlement Balance: | $2,957.7 |
|---|---|---|---|

RE: Midland Funding LLC v. MARY SEMANCHIK et al.
   Court File Number: MJ-11103-CV-0000103-2019

Dear Mary,

Thank you for your recent payment made to Midland Credit Management, Inc.. The remaining balance due assumes the full processing of your next payment. If the payment is for payment in full or your final payment of a payment arrangement you will receive a separate letter confirming your account has been paid once your payment clears.

In the event you fail to make all payments on time and as agreed, this agreement will no longer be valid and further legal collection activities may follow **and a judgment may be entered against you.** As a result, you may owe more than the balance shown in this letter.

Sincerely,

**Boris Salamakhin, Group Manager**
**(877) 428-7999**

## Recent Payment History - Last 10 Payments

| Payment Date | Payment Amount |
|---|---|
| May 18 2019 | $68.00 |
| May 11 2019 | $68.00 |
| May 3 2019 | $68.00 |
| Apr 29 2019 | $68.00 |
| Apr 18 2019 | $50.00 |

## Important Information Regarding Your Account

For details regarding the account that comprises your current balance, please see the 'Additional Information' section on the back of this letter.

When your account has been paid, and if data related to the account is still being furnished to the consumer reporting agencies a request will be made of the three major consumer reporting agencies to report the Midland Funding LLC trade line related to the above referenced account as paid.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

# EXHIBIT F

# Notice of Default

P.O. Box 2121 Warren, MI 48090

 **MCM** Midland Credit Management

| | |
|---|---|
| **Phone:** | (877) 428-7999 |
| **Hours of Operation:** | M – Fri: 8:00am – 7:30pm EST |
| | Sat: Closed Sun: Closed |
| **Current Owner:** | Midland Funding LLC |
| **Current Servicer:** | Midland Credit Management, Inc. |

Mary Semanchik
P2 T7 757 Alter St
003 Hazleton, PA 18201-2963

**Visit Us Online**
MidlandCredit.com

---

06/07/2019

RE: Midland Funding LLC v. MARY SEMANCHIK et al.
Court File Number: MJ-11103-CV-0000103-2019

Dear Mary,

Your payment of $68.00, which was due on 05/25/2019 to Midland Credit Management, Inc., was not received. Please call (877) 428-7999 to discuss your options.

**Reestablish Your Existing settlement Plan**

Pay $68.00 or call us at (877) 428-7999. By doing so you can prevent further legal action.

If your account remains in default, we may resume legal collection activity and a judgment may be entered against you. As a result you may ultimately owe more than the balance shown in this letter.

The amounts stated on the reverse side of this letter do not reflect payments or credits to the account made after the mailing of this letter. If you feel that an amount is incorrect please contact an account representative at (877) 428-7999.

Sincerely,
**Boris Salamakhin, Group Manager**
**(877) 428-7999**

### Notice of Default

**Amount Due:**
$68.00

**Missed Payment Date:**
05/25/2019

**Settlement Balance:**
$2,957.73

**Original Creditor:**
Please see the reverse side of this letter for complete account details

**Call to Discuss Options:**
(877) 428-7999

---

### Important Information Regarding Your Account

For details regarding the account that comprises your current balance, please see the 'Additional Information' section on the back of this letter.

When your account has been paid, and if data related to the account is still being furnished to the consumer reporting agencies, a request will be made of the three major consumer reporting agencies to report the Midland Funding LLC trade line related to the above referenced account as paid.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
*Please tear off and return lower portion with payment in envelope provided*

# EXHIBIT G

# Monthly Statement

P.O. Box 2121 Warren, MI 48090



**Midland Credit Management**

| Next Payment Amount | $68.00 |
| --- | --- |

| Payment Due Date | 05/25/2019 |
| --- | --- |

| Phone: | (877) 428-7999 |
| --- | --- |
| Hours of Operation: | M – Fri: 8:00am – 7:30pm EST |
| | Sat: Closed Sun: Closed |
| Current Owner: | Midland Funding LLC |
| Current Servicer: | Midland Credit Management, Inc. |

Mary Semanchik
P3 T12 757 Alter St
003 Hazleton, PA 18201-2963

**Visit Us Online**
MidlandCredit.com

| 06/12/2019 | | Settlement Balance: | $2,957.73 |
| --- | --- | --- | --- |

RE: Midland Funding LLC v. MARY SEMANCHIK et al.
    Court File Number: MJ-11103-CV-0000103-2019

Dear Mary,

Thank you for your recent payment made to Midland Credit Management, Inc.. The remaining balance due assumes the full processing of your next payment. If the payment is for payment in full or your final payment of a payment arrangement you will receive a separate letter confirming your account has been paid once your payment clears.

In the event you fail to make all payments on time and as agreed, this agreement will no longer be valid and further legal collection activities may follow **and a judgment may be entered against you.** As a result, you may owe more than the balance shown in this letter.

Sincerely,

**Boris Salamakhin, Group Manager**
**(877) 428-7999**

## Recent Payment History - Last 10 Payments

| Payment Date | Payment Amount |
| --- | --- |
| May 18 2019 | $68.00 |
| May 11 2019 | $68.00 |
| May 3 2019 | $68.00 |
| Apr 29 2019 | $68.00 |
| Apr 18 2019 | $50.00 |

## Important Information Regarding Your Account

For details regarding the account that comprises your current balance, please see the 'Additional Information' section on the back of this letter.

When your account has been paid, and if data related to the account is still being furnished to the consumer reporting agencies, a request will be made of the three major consumer reporting agencies to report the Midland Funding LLC trade line related to the above referenced account as paid.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

# EXHIBIT H

# Notice of Default

P.O. Box 2121 Warren, MI 48090

 Midland Credit Management

| Phone: | (877) 428-7999 |
|---|---|
| Hours of Operation: | M – Fri: 8:00am – 7:30pm EST |
| | Sat: Closed Sun: Closed |
| Current Owner: | Midland Funding LLC |
| Current Servicer: | Midland Credit Management, Inc. |

Mary Semanchik
P3 T10 757 Alter St
003 Hazleton, PA 18201-2963

**Visit Us Online**
MidlandCredit.com

06/14/2019

RE: Midland Funding LLC v. MARY SEMANCHIK et al.
Court File Number: MJ-11103-CV-0000103-2019

## Notice of Default

Dear Mary,

Your payment of $68.00, which was due on 05/25/2019 to Midland Credit Management, Inc., was not received. Please call (877) 428-7999 to discuss your options.

**Reestablish Your Existing settlement Plan**

Pay $68.00 or call us at (877) 428-7999. By doing so you can prevent further legal action.

If your account remains in default, we may resume legal collection activity and a judgment may be entered against you. As a result you may ultimately owe more than the balance shown in this letter.

The amounts stated on the reverse side of this letter do not reflect payments or credits to the account made after the mailing of this letter. If you feel that an amount is incorrect please contact an account representative at (877) 428-7999.

Sincerely,
**Boris Salamakhin, Group Manager**
**(877) 428-7999**

**Amount Due:**
$68.00

**Missed Payment Date:**
05/25/2019

**Settlement Balance:**
$2,957.73

**Original Creditor:**
Please see the reverse side of this letter for complete accour details

**Call to Discuss Options:**
(877) 428-7999

**Important Information Regarding Your Account**

For details regarding the account that comprises your current balance, please see the 'Additional Information' section on the back of this letter.

When your account has been paid, and if data related to the account is still being furnished to the consumer reporting agencies, a request will be made of the three major consumer reporting agencies to report the Midland Funding LLC trade line related to the above referenced account as paid.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

# EXHIBIT I

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LUZERNE



# NOTICE OF JUDGMENT/TRANSCRIPT
# CIVIL CASE

| | |
|---|---|
| Mag. Dist. No: | MDJ-11-1-03 |
| MDJ Name: | Honorable Joseph D. Zola |
| Address: | 615 East Broad Street |
| | Hazleton, PA  18201 |
| Telephone: | 570-455-9467 |

MIDLAND FUNDING LLC
v.
Mary  Semanchik

Brian J Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA  15206

Docket No:  MJ-11103-CV-0000103-2019
Case Filed:  4/12/2019

---

## Disposition Details

**Disposition Summary**  (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-11103-CV-0000103-2019 | MIDLAND FUNDING LLC | Mary Semanchik | Judgment for Defendant | 06/03/2019 |

**Comments:**

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION.  YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

JUN 0 3 2019

Date

Magisterial District Judge Joseph D. Zola

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

Date

Magisterial District Judge

MIDLAND FUNDING LLC
v.
Mary Semanchik

Docket No.: MJ-11103-CV-0000103-2019

# Participant List

### Private(s)

Brian J Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Stephanie Hernandez, Esq.
Midland
1 International Plz Dr Fl 5
Philadelphia, PA 19113

Daniel Joseph Santucci, Esq.
Midland Credit Management, Inc.
3111 Camino Del Rio North, Suiite 103
San Diego, CA 92108

### Plaintiff(s)

MIDLAND FUNDING LLC
1 International Plaza
5th Floor
Philadelphia, PA 19113

### Defendant(s)

Mary Semanchik
757 Alter St
Hazleton, PA 18201

 FREE INTERPRETER
www.pacourts.us/language-rights
570-830-8406

## VERIFICATION

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

THE LAW FIRM OF FENTERS WARD

Date: June 16, 2020        By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

14